## IVORY HOVEY *vs.* JOHN G. DEANE.

Where a township of land was conveyed by the State to an individual, with a reservation, that each person who had settled thereon before a certain day, should receive a deed of a hundred acre lot, including his improvement, from the grantee of the State, on payment of a certain sum before a fixed day ; it was held : —

First, that the State could not elect to be disseized by a settler thereon at the time of the conveyance, when it would violate the declared intention of the parties ; —

And second, that it was the duty of the settler first to make known his election to take the land, and his readiness to pay the money on the assignment and conveyance of his lot, or that he had been prevented from so doing by the acts of the other party, before he could demand a deed.

THIS action was tried once before, and a report of the case then reserved will be found in 13 *Maine R.* 31. The facts in that case are to be considered, as in the present one, with the exception, that at this trial, before the Chief Justice, it appeared, that *John Black*, under whom the defendant acted, was the duly authorized attorney of the owners of township No. 14. It was insisted by the counsel for the plaintiff, that the defence was not sustained, unless it was made to appear, that the owners of the township offered the deed, and thereupon exacted the payment, or were ready to receive, within the State, the sums required to be paid by the settlers, and thereupon to execute deeds, or that they had for this purpose an agent within the State. A nonsuit was entered by consent, it being agreed, that if the Court should be of opinion that such proof was essential to the defence, the nonsuit should be taken off.

*J. Holmes*, for the plaintiff, argued in writing. The points made are stated in the opinion of the Court, and need not be repeated here. On the first point, he cited *stat.* 1821, *c.* 108, § 5 ; *Shapleigh* v. *Pilsbury*, 1 *Greenl.* 271. On the second, 1 *T. R.* 645 ; 3 *Atk.* 364 ; 2 *Peere Wms.* 419 ; 2 *Burr.* 899 ; 4 *Burr.* 1930. On the third, *Co. Lit.* 218.

*D. Goodenow*, for the defendant, concisely replied in writing, citing on the first point made in the opening, *Dunlap* v. *Stetson*, 4 *Mason*, 349 ; *Hovey* v. *Deane*, 13 *Maine R.* 31 ; and *Bank* of *Columbia* v. *Hagner*, 1 *Peters*, 465 ; saying that the second point

was only a corollary from an erroneous position, erroneous in law and fact, premises and conclusion; and that the question raised under the third point was decided in the former case between these parties.

The case was continued for advisement, and the opinion of the Court afterwards drawn up by

SHEPLEY J. — This case having been again opened to the jury, the plaintiff submitted to a nonsuit, subject to certain exceptions taken to the title under which the defendant justified. He first alleges, that the *Commonwealth*, by the reservation in the deed elected to be disseized so far as relates to the settlers' lots; and that the title did not pass to the grantee. This position is inconsistent with the language of the deed and the intention of the parties, which required, that the title should vest in the grantee, and that he, or his heirs, should upon payment of the stipulated sum, convey the title to the settler. No such election can be admitted to violate the declared intention of the parties.

The second is, that the conveyance was upon a condition precedent. And it is said, that the settler could not be dispossessed until after the time limited for the payment. And it may be so, and yet the fee might pass subsequent to his tenancy for that period. The former case decided, that the fee did pass immediately to the grantee.

The third is, that the settler took an estate "defeasible on condition subsequent," liable to be defeated by neglect to perform what was required of him. And it is insisted, that he might remain passive until the grantee or his heirs located the lot, and was ready within the State to execute the deed upon payment by the settler. By the terms of the conveyance, the settler had an election, whether he would accept the title upon the terms offered. And it was his duty first to make known his pleasure by giving notice of his desire to purchase and of his readiness to pay upon an assignment of the lot, and an execution of the conveyance. It would then be in season for the other party to perform. If the settler had shewn due diligence and an inability to find the grantee or his agent within the State, and a readiness on his own part to perform, he may not have been obliged to do more; and the grantee under such

circumstances might be under obligation to convey after the appointed time. The settler in this case has not proved performance, nor that he has been prevented by the act of the grantee. This objection requires of the grantee in substance proof, that he assigned the lot and presented himself ready to convey and receive payment, before the settler signified his election to purchase.

*Nonsuit confirmed.*